DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Toledo Municipal Court, which, after a bench trial, found appellant, James F. Fisher, III, guilty of domestic violence under the Toledo Municipal Code. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} In late 2001, appellant was charged with domestic violence in violation of Toledo Municipal Code 537.19 for allegedly causing harm to his wife, Roxanne Fisher, by putting his arm around her neck and choking her. Appellant pleaded not guilty, and his case was tried to the bench on January 25, 2002.
 {¶ 3} Roxanne Fisher testified at trial that in the late afternoon of December 13, 2001, she had just returned from work when her husband came home. She told him to leave the house, and she told him she had an appointment to see a lawyer about some other problems she had been having with appellant. According to Ms. Fisher, appellant came toward her and she tried to fend him off by pushing and kicking toward him (though she testified that she does not believe she ever made contact with him). Ms. Fisher then turned to leave, and appellant came up from behind her and put his arm around her neck, trying, she testified, to restrain her. Ms. Fisher testified that this was painful and that she suffered red marks on her neck as a result. Her friend, Noella Ramsey, testified that she saw the marks on Ms. Fisher's neck about one and one-half hours after the incident, though she did not witness the incident itself.[1] Noella Ramsey testified that she had a previous intimate relationship with appellant. The defense did not put on a case.
 {¶ 4} Following trial, the trial court found appellant guilty of domestic violence. Appellant now appeals, setting forth the following two assignments of error:
 {¶ 5} "1. The verdict of the trier of fact was against the manifest weight of the evidence.
 {¶ 6} "2. The appellant was deprived of his right to effective assistance of counsel."
 {¶ 7} Appellant argues in his first assignment of error that the trial court's judgment was against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In this case, as the matter was tried to the bench, we apply these principles to the court as the fact finder instead of the jury.
 {¶ 8} Toledo Municipal Code 537.19(a) provides: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." While the term "knowingly" is not defined in the ordinance, R.C. 2901.22 defines the terms as follows:
 {¶ 9} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 10} We have thoroughly reviewed the transcript of the trial and, applying the applicable law to the facts, we cannot say that the trial court, acting as the fact finder, "lost its way and created * * * a * * * manifest miscarriage of justice." Thompkins, 78 Ohio St.3d at 387. Appellant's first assignment of error is not well-taken.
 {¶ 11} In his second assignment of error, appellant contends that he was denied effective assistance of counsel. The Supreme Court of Ohio has held that courts should apply a two-part test to determine ineffective assistance claims. According to the Supreme Court:
 {¶ 12} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989),42 Ohio St.3d 136, at paragraph two of the syllabus, certiorari denied (1990), 497 U.S. 1011, citing State v. Lytle (1976), 48 Ohio St.2d 391;Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 13} The court must defer to the strong presumption that counsel's performance falls within the wide range of reasonable professional performance. Bradley, 42 Ohio St.3d at 142. Even if counsel's performance falls outside the objective standard of reasonable representation, the court shall not reverse unless counsel's ineffectiveness resulted in prejudice. Id. In order to show prejudice warranting reversal, the defendant must show that there is a reasonable probability that, but for counsel's ineffectiveness, the outcome of the proceeding would have been different. Id., quoting Strickland,466 U.S. at 694.
 {¶ 14} The Court in Bradley derived guidance from the Strickland decision on how to proceed with the two-part analysis for ineffective assistance claims. In Strickland, the United States Supreme Court stated:
 {¶ 15} "Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697, quoted in Bradley,42 Ohio St.3d at 143.
 {¶ 16} Appellant contends that his counsel was ineffective in: (1) failing to call appellant to testify; (2) failing to call appellant's father to testify; and (3) deciding not to put on a case. All of these alleged bases of ineffectiveness are in the nature of trial strategy. It appears from the record that defense counsel's strategy was to attempt to impeach the witness's credibility instead of calling witnesses for the defense. We must defer to counsel's judgment in determining trial strategy. See State v. Smith (2000), 89 Ohio St.3d 323, 328, reconsideration denied (2000), 90 Ohio St.3d 1419, certiorari denied (2001), 531 U.S. 1167. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 17} Upon consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the decision of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., 1CONCUR.
[1] Immediately following the incident, before she went to see Ramsey, Ms. Fisher went to see appellant's father.